## MOORE v. BRANCH et al.

### No. 404.

District Court, S. D. Florida, Ocala Division.

Feb. 16, 1934.

Hull, Landis & Whitehair, of De Land, Fla., for plaintiff.

Cary D. Landis, Atty. Gen., H. E. Carter, Asst. Atty. Gen., and McCollum & Howell, of Bushnell, Fla., for defendants.

Before BRYAN, Circuit Judge, and RITTER and STRUM, District Judges.

STRUM, District Judge.

This suit in equity is brought by the holder of defaulted general obligation road bonds issued by Sumter county, Fla., to enjoin officers of the state of Florida in the execution of chapter 16278 and chapters 16710 and 16701, Special Laws of Florida 1933. The suit is now before us on application for interlocutory injunction pursuant to Judicial Code, § 266, 28 USCA § 380.

Chapter 16710 purports to create for Sumter county, Fla., a delinquent tax adjustment board, with authority, amongst other things, "to compromise and adjust the amount required to be paid for redemption or purchase of tax sale certificates, or any portion of such certificates held by Sumter County, Florida, upon lands within said county, including the omitted subsequent taxes upon such lands, upon principles of fairness to the State and the county and the owners and lienors of such lands," and provides that any person may purchase or redeem such certificates for the amount so determined.

Chapter 16278 purports to provide that in counties having a population of not less than 9,500 and not more than 13,000, which includes Sumter county, the board of county commissioners are authorized "to accept compromise settlement of the amount due the County or any district thereof on any Tax Sale Certificate held by the State of Florida on lands situated within such Counties, also * * * the omitted taxes due the Counties or any district thereof upon lands not covered by any Tax Sale Certificate"; the Board being authorized to accept any amount it is willing to accept in payment of such taxes, except that amounts due the state shall be paid in cash and in full. Upon payment of such compromised amounts, the clerk of the circuit court is directed to cancel the tax sale certificate.

Chapter 16701 purports to provide that all tax certificates issued and now held by the state of Florida in behalf of Sumter county, on lands located in said county, are "cancelled, set aside and abolished, and declared null and void and of no effect whatsoever." The clerk of the circuit court is di-

rected to forthwith cancel all such tax certificates and deliver them to the owners of the land.

The bill alleges that a large part of the taxes heretofore levied in Sumter county, now delinquent and affected by the foregoing statutes, were levied to pay plaintiff's bonds and other like bonds, pursuant to prior legislation which became a part of plaintiff's bond contract; that plaintiff's bonds are in default as to both principal and interest, and that the state officers will proceed to execute such statutes unless restrained. Plaintiff contends that said statutes impair the obligation of his bond contract, in violation of article 1, § 10, U. S. Constitution.

In Crummer v. City of Fort Pierce, 2 F. Supp. 737, this court held that, as against the objection of a holder of defaulted bonds, current city taxes which the law of the contract provided should be payable in money only could not by subsequent legislation be made payable in bonds in lieu of money. A like decision was reached by this court in McNee v. Wall, 4 F. Supp. 496, in respect of delinquent district taxes evidenced by tax sale certificates held by the state of Florida; the reason being in both cases that such subsequent legislation impaired the obligation of the bond contract.

■ An impairment of the obligation of a contract occurs when the value of the contract is diminished by subsequent legislation. The question of impairment is not one of degree, but of encroaching in any respect upon the obligation—dispensing with any part of its force—as by withdrawing a remedy afforded by legislation forming a part of the bond contract without substituting therefor a remedy of equivalent efficacy. Rorick v. Board of Com'rs of Everglades Drainage Dist. (D. C.) 57 F.(2d) 1048.

■ When plaintiff's bonds were sold, the same general laws relating to the collection of delinquent taxes discussed in McNee v. Wall, supra, were in effect in Florida. These laws, of course, became a part of plaintiff's bond contract.

■ Chapter 16710 (Sp. Laws 1933) and chapter 16278 (Laws 1933) diminish the means provided by such prior legislation for the enforcement of plaintiff's bond contract by abandoning the remedy of collecting outstanding tax sale certificates according to the method prescribed by such prior legislation, and substituting therefor a plan of collection by "compromise and adjustment" for any sum the administrative board sees fit to ac-

cept in settlement, which obviously contemplates accepting less than the face value of the tax certificates. Even though only delinquent taxes are involved, the result is to withdraw a substantial part of the security for plaintiff's bonds created by prior legislation, and to substitute therefor something of substantially less value and efficacy. Chapter 16701 (Sp. Laws 1933) goes further and purports to cancel outstanding tax certificates in toto, substituting nothing for the security so withdrawn; all of which, as against an objecting bondholder whose bonds are in default, is repugnant to article 1, § 10, U. S. Constitution. As against such bondholder the statutes under consideration are inoperative. McNee v. Wall, supra; Louisiana v. Pilsbury, 105 U. S. 278, 26 L. Ed. 1090; United States v. City of Quincy, 4 Wall. 535, 18 L. Ed. 403. See, also, Trustees v. Bailey, 10 Fla. 112, 81 Am. Dec. 194.

Interlocutory injunction granted.